309

GLOBE & RUTGERS FIRE INS. CO. v.
GULF COAST ERECTION CO.

No. 6930.

Circuit Court of Appeals, Fifth Circuit.

Dec. 21, 1933.

Austin Y. Bryan, Jr., of Houston, Tex., for appellant.

T. J. Arnold and Wallace Tyler, both of Houston, Tex., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant was the insurer against fire in a sum exceeding $1,000,000 of a building and equipment therein owned by the insured, the Southern Bell Telephone Company, and located in Houston, Tex. During the afternoon of March 6, 1929, a fire occurred on the second floor of the insured building, and after the appellant had paid the insured the sum of $15,192.59 for the damage resulting from the fire, and the insured had assigned to appellant the former's claim against any and all persons for negligently causing the fire, the appellant brought this action against the appellee to recover the amount paid by the former, with interest thereon, the appellant's petition charging that the fire was caused by negligence of an employee of the appellee in so operating an acetylene torch on the third floor of the building in cutting a steel beam that sparks and/or other burning material resulting from the operation of the torch fell through an opening in the floor or ceiling between the second and third floors of the building and set fire to a partition, covered with inflammable paper, which separated the part of the second floor of the building in which was located equipment of the insured from the part of that floor which was beneath the hole between the second and third floors. The allegations of the appellant's petition were put in issue. The issues were submitted to a jury, which returned a verdict in favor of the appellee. The court denied a motion for a new trial made by the appellant, that action being accompanied by the statement by the presiding judge: "The plaintiff in my opinion, fell far short of showing, by a preponderance of the evidence, that defendant caused the fire. I think the verdict is right." Errors are assigned on rulings of the court in giving and refusing instructions to the jury. No ruling on evidence is assigned as error.

On and prior to the date of the fire, work in making alterations in and additions to the insured building was in progress under contracts entered into by the insured with several contractors, and on, and for a considerable time before, that date, the appellee, through its employees, under contract or arrangement with a contractor for part of the work on the building, was engaged in structural steel work in the building, in which an acetylene torch was used in cutting structural steel used in the work which was in progress. The above-mentioned hole between the second and third floors of the building was made for the passage through it of a steel column which rested on the floor of the second story and extended upward beyond the third story floor. The purpose in erecting the above-mentioned partition was to protect the insured's equipment on the second floor from dust incident to the doing of construction work in the space separated from the rest of that floor by the partition. So far as appears, the appellee had no connection with the erection or maintenance of that partition.

An examination of the evidence has led us to the conclusion that as a whole it had no substantial tendency to prove that the fire was caused by the negligent operation of an acetylene torch by an employee of the appellee. We think that, if a verdict in favor of the appellant had been rendered, it should have been set aside because of the failure of the evidence to support the allegations of negligence made in appellant's petition. From the above-quoted statement made by the presiding judge it fairly may be inferred that a verdict in favor of the appellant would have been so disposed of. The allegations of negligence chargeable against the appellee not having been duly supported by

evidence, the judgment appealed from is not subject to be complained of by the appellant.

That judgment is affirmed.

SIBLEY, Circuit Judge, dissents.